**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
MACX L. JEAN-LOUIS,

                Plaintiff,

       -against-                   **MEMORANDUM OF**
                                               **DECISION AND ORDER**
HUNTER WARFIELD and MIDDLEBROOK       12-CV-01967 (ADS)(ARL)
FARMS APARTMENTS,

                Defendants.
-------------------------------------------------------X
**APPEARANCES:**

**Macx L. Jean-Louis**
*Pro Se Plaintiff-Attorney*
2390 Elbert Avenue
Bellmore, NY 11710
    By: Macx L. Jean-Louis, Esq., Of Counsel

**Mound Cotton Wollan & Greengrass**
*Attorneys for the defendant Hunter Warfield*
One Battery Park Plaza
9th Floor
New York, NY 10004
    By: Kenneth M. Labbate, Esq., Of Counsel

**Womble Carlyle**
*Attorneys for defendant Middlebrook Farms Apartments*
One West Fourth Street
Winston Salem, NC 27104
    By: Robert S. Pierce, Esq., Of Counsel

**SPATT, District Judge**.

       On March 19, 2012, pro se plaintiff and attorney, Macx L. Jean-Louis ("the Plaintiff") commenced this action by filing a Complaint against defendants Hunter Warfield and Middlebrook Farms Apartments ("Middlebrook" and, collectively, "the Defendants"), seeking injunctive relief, actual and punitive damages and courts costs for alleged violations of the federal Fair Credit Reporting Act ("the FCRA"), the New York Fair Credit Reporting Act ("the

1

NYFCRA"), the New York State Consumer Protection Act ("the NYSCPA") and the New York Human Rights Law ("the NYHRL"). The Plaintiff claimed that he did not owe one month's back rent and late fees and that the Defendants violated the aforementioned federal and state laws by attempting to collect said back rent from him.

Presently before the Court is a motion by the defendant Middlebrook to dismiss the complaint pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(5) and 12(b)(6) for insufficient service of process and for failure to state a claim. For the reasons set forth below, the motion is granted.

## I. BACKGROUND

**A. Background**

The following facts are derived from (1) the Plaintiff's Complaint, filed on April 23, 2012, and (2) the Apartment Lease Contract entered into by the Plaintiff and the defendant Middlebrook on October 3, 2009 ("the Apartment Lease Contract"). This contract was attached to the defendant Middlebrook's moving papers and the Plaintiff's papers in opposition and was incorporated in the Plaintiff's Complaint by reference. In the resolution of these motions, the facts are construed in the light most favorable to the Plaintiff.

The Plaintiff is an immigration attorney who maintains his principal office in New York, but frequently travels to the Orlando area in Florida in order to assist his clients with their immigration court cases. On or about October 3, 2009, the Plaintiff entered into a lease agreement with the defendant Middlebrook for an apartment in Orlando, Florida ("the Orlando apartment"). The Plaintiff maintains that the lease was for one year, starting on October 1, 2009 and ending on September 30, 2010. However, the express terms of the Apartment Lease Contract stated that "[t]he initial term of the Lease Contract begins on the 3rd day of October

2

2009, and ends at midnight the 31st day of October, 2010." (Pl. Opp., Exhibit 1.) The Apartment Lease Contract indicated it would "automatically renew month-to-month unless either party [gave] at least 60 days written notice of termination or intent to move-out" and that moving out without paying rent in full for the entire lease term or renewal period would result in liability "for all rent owed at the time," which would "become[] due under the terms of [the] lease agreement until the apartment [was] re-rented . . . ." (Pl. Opp., Exhibit 1.)

According to the Apartment Lease Contract, the Plaintiff 's monthly rent was $708.00, which the Plaintiff was required to pay on or before the first day of each month. Failure to pay the monthly rent by the fourth day of the month would result in an initial late charge of $50.00 plus a late charge of $5.00 per day after that for no more than 15 days or until the rent was paid in full. The Apartment Lease Contract indicated that the Plaintiff would be considered in "default" if he did not pay his rent when it was due and warned that the defendant Middlebrook "may report unpaid amounts to credit agencies." The Apartment Lease Contract stipulated that it was the entire agreement between the Plaintiff and the defendant Middlebrook and that the defendant Middlebrook's representatives had "no authority to waive, amend, or terminate this Lease Contract or any part of it, unless in writing. . . ."

The Plaintiff used the Orlando apartment only two times a month and the duration of each of his stays was about three days. The Plaintiff alleges that at some time in February 2010, knowing that the Plaintiff was not using the Orlando apartment, the defendant Middlebrook and its employees went in and stole the Plaintiff's Bose Stereo system, flat panel television, CD case containing about 120 disks and other personal items. Despite this, the Plaintiff did not move out of the Orlando apartment until September 28, 2010, two days short of September 30, 2010, which the Plaintiff claims was the date the Apartment Lease Contract expired.

3

Consequently, according to the Plaintiff, the defendant Middlebrook was unhappy that the Plaintiff decided to move out of the Orlando apartment and, therefore, wrongfully maintained that the Apartment Lease Contract expired on October 31, 2010, not September 30, 2010, which would entitle them to another rent payment for the month of October 2010. In order to collect this debt, the defendant Middlebrook referred the Plaintiff's personal information to the defendant Hunter Warfield for collection.

The defendant Hunter Warfield made an inquiry into the Plaintiff's credit history on or about March 22, 2011, without the Plaintiff's authorization or consent. The Plaintiff alleges that at some point the defendant Hunter Warfield used the Plaintiff's personal information to apply for a credit card from Sears corporation in the Plaintiff's name, but failed to do so because they could not provide a current phone number for the Plaintiff.

**B.   Procedural History and the Instant Motion**

On April 23, 2012, the Plaintiff commenced this action by filing the Complaint in the Eastern District of New York. The Plaintiff sought injunctive relief, actual and punitive damages and courts costs for alleged violations of the FCRA and New York law. The Plaintiff's claims for relief relied on his assertion that the Defendants were pursuing an "imaginary debt" and disseminating credit information that they knew was inaccurate. The Plaintiff did not attach the Apartment Lease Contract to his Complaint nor did he attach any other documents.

On May 8, 2012, the Plaintiff served the Summons and Complaint on "Michelle Martinez, Manager," who he believed was designated by law to accept service of process on behalf of the defendant Middlebrook. On June 19, 2012, the defendant Hunter Warfield filed its Answer in which it denied that it violated the FCRA or any New York State statute or that it illegally attempted to collect an unlawful and imaginary debt from the Plaintiff.

On June 22, 2012, the defendant Middlebrook moved to dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6) for insufficient service of process and for failure to state a claim upon which relief could be granted. Attached to the motion papers was, among other things, (1) a memorandum of law; (2) the declaration of Robert Pierce, counsel to the defendant Middlebrook; (3) the Apartment Lease Contract with addendums; (4) the Plaintiff's affidavit of service and proof of service indicating that the Plaintiff served Michelle Martinez on behalf of the defendant Middlebrook; (5) a printout from the website for the Delaware Department of State's Division of Corporations indicating that "Capri W Middlebrook, LLC" was incorporated in Delaware; and (6) a printout from the website for the Florida Department of State's Division of Corporations indicating that "Capri W. Middlebrook, LLC" was registered as a foreign limited liability company.

The defendant Middlebrook's moving papers explained that Middlebrook Farms Apartments is the name of an apartment complex located in Orlando, Florida and is not actually an entity with its own corporate officers or registered agents. Rather, the defendant Middlebrook describes Middlebrook Farms Apartments as a "DBA," which the Court assumes means "d/b/a," that is owned and operated by Capri W. Middlebrook ("Capri"), a limited liability company. Capri was formed under the laws of Delaware and has registered agents in both Delaware and Florida. According to the defendant Middlebrook's moving papers, Michelle Martinez, on whom the Plaintiff served the Summons and Complaint, was actually an employee of ZRS Management ("ZRS"), a third-party apartment and multi-family property management company that, according to the defendant Middlebrook, was unauthorized to accept service of process on behalf of Capri. Further, the defendant Middlebrook argued that the Plaintiff failed to state a claim upon which relief could be granted, because the express terms of the Apartment Lease

5

Contract stated that the term of the lease was from October 3, 2009 until October 31, 2010 and the Plaintiff conceded in his Complaint that he vacated his apartment on September 28, 2010 and did not pay the rent for October 2010.

On July 10, 2012, the Plaintiff filed his opposition to the defendant Middlebrook's motion to dismiss and attached (1) the Apartment Lease Contract; (2) a letter, dated May 29, 2012, by the defendant Middlebrook's counsel to the Court indicating that Middlebrook Farms Apartments is owned by Capri and is a non-entity; (3) a letter, dated October 1, 2011, from the defendant Hunter Warfield, notifying the Plaintiff it needed additional time to provide the Plaintiff with Verification of Debt; and (4) a "Three-Day Notice," dated January 6, 2009, notifying the Plaintiff that he was indebted to the defendant Middlebrook in the sum of $768.00. The Plaintiff did not address the express language of the Apartment Lease Contract but maintained that the lease agreement was for one-year, spanning from October 1, 2009 until September 30, 2010. The Plaintiff also disputed the defendant Middlebrook's claim that service of process on Michelle Martinez constituted insufficient service of process and alleged that the defendant Middlebrook "invented" ZRS. On July 12, 2012, the defendant Middlebrook filed a reply in support of its motion to dismiss in which it reasserted its previous arguments.

## II. DISCUSSION

### A. Legal Standard under Fed. R. Civ. P. 12(b)(5)

A defendant may file a motion to dismiss for insufficient service of process under Fed. R. Civ. P. 12(b)(5). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." Khan v. Khan, 360 Fed. Appx. 202, 203 (2d Cir. 2010) (citing Burda Media, Inc. v. Viertel, 417 F3d 292, 298 (2d Cir. 2005)).

Under Fed. R. Civ. P. 4(h), corporations, like the defendant Middlebrook, may be served either (1) pursuant to state law in the state where the subject district court is located or where service is made or (2) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(A-B).

New York law allows personal service upon a corporation to be made by delivering the summons "to an officer, director, managing or general agent, or cashier or assistant cashier or to any other agent authorized by appointment or by law to receive service." NY CPLR § 311. Further, "[a] business corporation may also be served pursuant to three hundred six or three hundred seven of the business corporation law." NY CPLR §311. Section 304 of the New York Business Corporation Law ("NYBCL") requires every domestic and authorized foreign corporation to designate the Secretary of State as its agent for service of process. NYBCL § 306 provides those methods in which process may be served on a registered agent and the Secretary of State. NYBCL § 307 pertains to service of process on unauthorized foreign corporations.

In addition, in this case, the Plaintiff effected service in the state of Florida. In this regard, Florida law allows for process against any private corporation to be served:

> (a) On the president or vice president, or other head of the corporation;
> (b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;
> (c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or
> (d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

Fla. Stat. §48.081(1). Further, Florida permits service of process on the agent designated by the corporation under Fla. Stat. § 48.091, and, in cases when service cannot be made on a registered

agent because of failure to comply with § 48.091, service of process is permitted on any employee at the corporation's principal place of business or on any employee of the registered agent. Fla. Stat. § 48.081 (3)(a).

**B.  Legal Standard under Fed. R. Civ. P. 12(b)(6)**

It is well-established that a complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  In deciding whether a complaint meets this threshold, the Court is required to accept the material facts alleged in the complaint as true and draw all reasonable inferences in the Plaintiff's favor. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 868 (2009).  In its analysis, the Court may refer "to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit."   Brass v. Am. Film Tech., Inc., 987 F.2d 142, 150 (2d Cir. 1993); see also Karmilowicz v. Hartford Fin. Servs. Group, 2012 U.S. App. LEXIS 18394, 5-6 (2d Cir. 2012).  Only if this Court is satisfied that the Complaint cannot state any set of facts that would entitle the Plaintiff to relief will it grant dismissal pursuant to Rule 12(b)(6).  Hertz Corp. V. City of New York, 1 F.3d 121, 125 (2d Cir. 1993).

Generally, where matters outside the pleadings are presented in connection with a Rule 12(b)(6) motion, "a district court must either 'exclude the additional material and decide the motion on the complaint alone' or 'convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material.'" Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (quoting Fonte v. Bd. of Managers of Continental

Towers Condo., 848 F.2d 24, 25 (2d Cir. 1988)). However, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a prospectus upon which it solely relies and which is integral to the complaint, the defendant may produce the prospectus when attacking the complaint for its failure to state a claim, because plaintiff should not so easily be allowed to escape the consequences of its own failure." Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991). See also Karmilowicz v. Hartford Fin. Servs. Group, 2012 U.S. App. LEXIS 18394, 5-6 (2d Cir. 2012) ("[A] plaintiff cannot 'evade a properly argued motion to dismiss simply because [the] plaintiff has chosen not to attach [a document on which he relies in bringing suit] to the complaint or to incorporate it by reference.'").

Moreover, "[a] finding that plaintiff has had notice of documents used by defendant in a 12(b)(6) motion is significant since . . . the problem that arises when a court reviews statements extraneous to a complaint generally is the lack of notice to the plaintiff that they may be so considered; it is for that reason . . . that Rule 12(b)(6) motions are ordinarily converted into summary judgment motions." Cortec Industries, Inc., 949 F.2d at 48. Accordingly, "[w]here plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated." Id.

**C. As to the Defendant Middlebrook's Motion to Dismiss for Insufficient Service of Process**

The defendant Middlebrook contends that the Plaintiff failed to properly effect service upon them as required by Fed. R. Civ. P. 4(h)(1)(A)-(B), because Michelle Martinez, whom the Plaintiff served on behalf of Capri, was not, in fact, authorized to accept service for Capri. In support of this argument, the defendant Middlebrook submitted the declaration of their attorney,

9

which established (1) that Middlebrook Farms Apartments was owned by and was a DBA of Capri and (2) that Michelle Martinez was an employee of ZRS, the property management company managing Middlebrook Farms on behalf of Capri and was not an officer, director or managing or general agent of Capri.

In opposition, the Plaintiff has failed to meet his burden of establishing that his service on the defendant Middlebrook was sufficient under Rule 4(h)(1)(B) or under either New York or Florida law. See Allstate Ins. Co. v. Rozenberg, 771 F. Supp. 2d 254, 260 (E.D.N.Y. 2011). The Plaintiff has presented no evidence demonstrating that Michelle Martinez was an officer, director, or managing or general agent of Capri or that she was any other agent authorized by appointment or by law to receive service of process on behalf of Capri. Instead, the Plaintiff simply maintains, without proof, that the defendant Middlebrook invented ZRS and that service of process was properly effected on the defendant Middlebrook when the Plaintiff served Michelle Martinez with the Summons and Complaint on May 8, 2012.

Accordingly, the Court finds that the Plaintiff's attempt to serve the defendant Middlebrook was insufficient under both Rule 4(h)(1)(B) and New York and Florida law. See Amnay v. Del Labs, 117 F. Sup.. 2d 283, 287 (E.D.N.Y. 2000). Therefore, the Court grants the defendant Middlebrook's motion to dismiss the Complaint against it pursuant to Fed. R. Civ. P. 12(b)(5).

**D.  As to the Defendant Middlebrook's Motion to Dismiss for Failure to State a Claim**

The Court also finds that, even assuming the Plaintiff had properly served the defendant Middlebrook, his claims against the defendant Middlebrook must still be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

As an initial matter, the Court need not convert the instant motion to a motion for summary judgment under Rule 12(d) and 56, because the Apartment Lease Contract is incorporated into the Plaintiff's Complaint by reference and is integral to the Plaintiff's causes of action.  See Karmilowicz, 2012 U.S. App. LEXIS at 5-6.

Even when viewing the facts most favorably to the Plaintiff, the Plaintiff has failed to state a claim upon which relief can be granted.  Specifically, the claims against the defendant Middlebrook, as pleaded by the Plaintiff in his Complaint, rely solely upon his assertion that the defendant Middlebrook is pursuing an invalid and imaginary debt in seeking to collect the rent for October 2010, because the terms of the Apartment Lease Contract were from October 1, 2009 to September 30, 2010.  However, the express terms of the Apartment Lease Contract establish that the terms of the lease were from October 3, 2009 to October 31, 2010, thus indicating that the Plaintiff did, in fact, owe the defendant Middlebrook rent for the month of October 2010.  As such, the Plaintiff's allegation that the defendant Middlebrook is pursuing an unlawful debt is implausible on its face and, therefore, dismissal is warranted under Rule (12)(b)(6).  Twombly, 550 U.S. at 570.

### III.  CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED** the motion to dismiss the Complaint against the defendant Middlebrook for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5) is hereby granted; and it is further

**ORDERED** the motion to dismiss the Complaint against the defendant Middlebrook for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is hereby granted; and it is further

**ORDERED** that the Plaintiff's Complaint is dismissed in its entirety as to the defendant Middlebrook; and it is further

**ORDERED** that the caption is amended to read as follows:

MACX L. JEAN-LOUIS,

        Plaintiff,

    -against-

HUNTER WARFIELD,

        Defendant.

**SO ORDERED.**
Dated: Central Islip, New York
October 6, 2012

                                          ___*/s/ Arthur. D. Spatt*___
                                            ARTHUR D. SPATT
                                        United States District Judge